| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

JEROME F. DEERING BEY, §
§
    Petitioner, §
§
*versus* § CIVIL ACTION NO. 1:14-CV-120
§
WARDEN, FCI BEAUMONT LOW, §
§
    Respondent. §

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, Jerome F. Deering Bey, a federal prisoner currently confined at FCI Beaumont Low, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court finds petitioner's objections are without merit. The Fifth Circuit has determined that *Alleyne v. United States*, – U.S. –, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) does not apply retroactively on collateral review. *See In re: Kemper*, 735 F.3d 211 (5th Cir. 2013). Furthermore, to the extent petitioner relies on the actual innocence or fundamental

miscarriage of justice exception, this claim is also lacking in merit. Petitioner argues he is innocent because the jury never found him guilty of the aggravating element of crack. Based on *Alleyne*, petitioner contends the sentencing judge incorrectly found him guilty of cocaine base (crack) and enhanced his sentence. The record, however, reflects that petitioner was sentenced as a career offender under the guidelines and not based on the quantity of crack cocaine he possessed. However, claims of actual innocence of career offender enhancement are not properly raised in a § 2241 petition because petitioner is not claiming actual innocence of the crime, only of the enhancement. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000).

Based on the foregoing, petitioner has failed to satisfy either prong of the *Reyes-Requena* test and his grounds for review are not cognizable in a petition filed pursuant to 28 U.S.C. § 2241. *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).

## ORDER

Accordingly, the objections of the petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED.** A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

SIGNED at Beaumont, Texas, this 29th day of July, 2014.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE